**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MARLOW PALMORE,**

                Plaintiff,

v.                              **Case No. 15-cv-575-pp**

**LORA BLASIUS, KRISTEN VASQUEZ,
SARAH MIRESKI, JOHN TUTEN,
ROBERTA SCHOOFS, DIANE LEVIN,
DALE PREY, LINDSEY ROSE,
BOB SCHREIBER, RYAN NELSON,
ERIC KNOX, WAYNE GELLINGS,
SHERINE MEEKS, KIMBERLEE DANCE, and
NATASHA ADAMS,**

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 17), GRANTING DEFENDANTS' MOTION TO COMPEL (DKT. NO. 19), AND GRANTING DEFENDANTS' MOTION TO STAY SCHEDULING ORDER (DKT. NO. 19)**

---

On August 13, 2015, the court entered a scheduling order, which provided an October 13, 2015 deadline for amended pleadings; a December 11, 2015 discovery deadline; and a January 11, 2016 deadline for filing motions to dismiss and motions for summary judgment. Dkt. No. 15. On October 14, 2015, the plaintiff filed a motion for leave to file an amended complaint, along with a proposed amended complaint and a number of exhibits. Dkt. No. 17. On November 30, 2015, the defendants filed a motion captioned as a motion to compel and a motion to stay the scheduling order pending disposition of the motion to compel. Dkt. No. 19. This order resolves these motions.

1

## I. PLAINTIFF'S AMENDED COMPLAINT

### A. Plaintiff's Motion for Leave to File Amended Complaint

In his original complaint, the plaintiff named several John/Jane Doe defendants. Since the filing of that complaint, the plaintiff has identified the names of those defendants, and he submitted the proposed amended complaint (Dkt. No. 17-1), which identifies those individuals. The court will grant the plaintiff's motion to amend the complaint (Dkt. No. 17), and will screen the plaintiff's amended complaint. The amended complaint (Dkt. No. 17) now is the operative complaint in this case.

### B. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

2

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions

3

with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

C. Facts Alleged in the Amended Complaint

In his proposed amended complaint, the plaintiff alleges that he was diagnosed with osteoarthritis at both Fox Lake Correctional Institution and Racine Correctional Institution (RCI). Dkt. No. 17-1 at 3. From August 14, 2009 until October 2015, he was prescribed various pain medications and creams. Id. Despite numerous requests, the plaintiff did not receive his pain medication from December 2014 until February 23, 2015. Id. The complaint investigator at the institution determined that the plaintiff had followed proper procedure for obtaining his medication and that health services had made several requests to Central Pharmacy for the medication. Id. The investigator also found that prison medical staff had mishandled the medication when it

4

finally arrived, causing a further delay in the plaintiff getting his pain medication. Id. at 4. The plaintiff appealed the finding, because the investigator did not address the plaintiff's issue regarding his physician refusing to see him or give him an alternate to his pain medication. Id. The plaintiff indicates that "it was confirmed" that he hadn't had his pain medications for over sixty days, and "that his physician make an appointment to see him A.S.A.P." Id. at 5. He doesn't say who made this confirmation or recommendation. The plaintiff indicates despite numerous requests, he didn't actually get "called in" until October 17, 2014; at that time, his pain medication was increased to double the amount of the original dose. Id.

Defendant Kristen Vasquez is the Assistant Health Services Director at RCI. Id. at 5. The plaintiff notified Vasquez by interview request that he was not getting his medication and that it had been, at that time, weeks since he had gotten it. Id. Her response was to tell the plaintiff to send in another request and, if he hadn't received the medication in a week, to send another request. Id. The plaintiff received his medication almost three weeks after he received Vasquez's response. Id.

Defendant Lora Blasius is the licensed practical nurse (LPN) assigned to the plaintiff. Id. Even after the plaintiff made several requests to see her, Blasius did not call the plaintiff up to the Health Services Unit until she was instructed to do so by the Office of the Secretary of the Wisconsin Department of Corrections. Id. The plaintiff also made Blasius aware that he was not

5

receiving his medication and that he wanted it "changed to a medication that was available." Id.

Defendants Mireski, Tuten, Schoofs, Levin, Prey, Rose, Schreiber, Nelson, Knox, and Gellings are pharmacists at the Central Pharmacy, where medication prescriptions for Racine Correctional Institution get filled when they are not in stock. Id. During the investigation of the plaintiff's complaint, the examiner said that the HSU staff at RCI blamed the Central Pharmacy for the delay in getting the medicine. Id. The plaintiff named each of these defendants because of "possible involvement in intentionally delaying plaintiff's medication refill." Id.

Defendants Meeks, Dance, and Adams are the LPNs at RCI who fill prescriptions. Id. The plaintiff named each of these defendants because they could have been involved in the intentional delay and mishandling of the plaintiff's pain medication. Id.

### D. Legal Analysis of Alleged Facts

"The Eighth Amendment safeguards the prison against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009) (quoting Estelle, 429 U.S. at 103). "To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015).

6

"It is well established that for constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." Perez, 792 F.3d at 781 (quotation and citation omitted). A plaintiff must "allege that the defendant, through his or her own conduct, has violated the Constitution." Id.

The more than two month delay before the plaintiff received his pain medication implicated the plaintiff's Eighth Amendment rights. It is likely that not all of the named defendants were personally involved in the plaintiff's delayed medication. There is no way, however, for the plaintiff to determine which specific individuals may have handled or mishandled his prescription without further discovery. At this early stage, the court finds that the plaintiff has stated sufficient facts to allow him to proceed on Eighth Amendment claims regarding the delayed medication against each of the named defendants.

## II. DEFENDANTS' MOTIONS

As of November 30, 2015, the plaintiff had failed to return to the defendants a signed medical authorization allowing access to his Wisconsin Department of Corrections medical records. Dkt. No. 19 at 1. The defendants indicated in their motion to compel that, before bringing the motion, they made three written requests for the authorization, and attempted to confer with the plaintiff in an effort to obtain the authorization without having to file a motion. Id. The defendants indicate that the plaintiff said he would not sign the authorization without a court order. Dkt. No. 19-1 at 1. The defendants attached to their motion a letter they received from the plaintiff, in which he indicate that he has "concerns about authorizing [counsel] or anyone [counsel

7

may] choose having that kind of access to personal and or private information." Id.

The plaintiff put his medical condition and treatment at issue when he filed this case. See Wis. Stat. §905.04(4)(c). He cannot argue that the defendants were deliberately indifferent to his serious medical condition, and then refuse to provide them access to the medical records that would support that claim. The plaintiff must sign an authorization allowing the defendants access to his medical records. The defendants shall provide the plaintiff with a new authorization within seven (7) days, and the plaintiff shall return the signed authorization within seven (7) days after he receives it.

In their motion, the defendants also asked the court to stay the dispositive motion deadline, and to issue a new scheduling order, following disposition of the motion to compel. Dkt. No. 19 at 2. Because the court took some time to screen this complaint and review the pending orders, all of the scheduling deadlines the court originally had set have passed. The court will grant the motion to stay *nunc pro tunc* to November 30, 2015, and will enter a new scheduling order once the defendants have been served with and answered the plaintiff's amended complaint.

### III.   ORDER

The court **GRANTS** the plaintiff's motion for leave to file amended complaint. Dkt. No. 17. The court **ALLOWS** the plaintiff to proceed on Eighth Amendment claims against each of the named defendants.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

The court also **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **GRANTS** the defendants' motion to compel, Dkt. No. 19, and **GRANTS** the defendants' motion to stay scheduling order, *nunc pro tunc* to November 30, 2015. Dkt. No. 19. The defendants shall provide the plaintiff with a new authorization within seven (7) days of this order. The plaintiff shall return the authorization to the defendants within seven (7) days of receiving it.

The court will enter a new scheduling order once the new defendants have been served and have answered the amended complaint.

Dated in Milwaukee, Wisconsin this 25th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge