UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARLOW PALMORE,

      Plaintiff,

v.              Case No. 15-cv-575-pp

LORA BLASIUS, *et al.*,

      Defendants.

**ORDER DISMISSING DEFENDANT WAYNE GELLINGS, DISMISSING DEFENDANT DIANE LEVIN, AND DIRECTING CLERK'S OFFICE TO ENTER DEFAULT AS TO DEFENDANTS MEEKS AND DANCE**

  The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his Eighth Amendment rights. Dkt. No. 1. On January 17, 2017, the parties stipulated to the dismissal of every defendant who had made an appearance in the case. Dkt. No. 41. The court approved that stipulation, and dismissed a number of defendants. Dkt. No. 42.

  One of the defendants who had made an appearance was Diane Levin. Dkt. No. 29 (answer to complaint by several defendants, including Levin). Consequently, the court should have dismissed Levin when it dismissed the other defendants (on January 23, 2017). The court mentioned Levin on page 1 of its order, when it listed the parties who'd answered the amended complaint, however, it failed to specifically name her in the final order paragraph on page 2. Dkt. No. 42. Consequently, Levin still appears as a named defendant,

1

despite the fact that the parties stipulated to her dismissal. The court will dismiss her in this order.

There are three defendants left in the case: Wayne Gellings, Sherine Meeks and Kimberlee Dance.

Defendant Wayne Gellings is deceased. Dkt. No. 44 at 2. The court should have dismissed him as a defendant back in January; it will do so now.

Defendant Kimberlee Dance was served on June 30, 2016 (dkt. no. 26), and defendant Sherine Meeks was served on July 1, 2016 (dkt. no. 28). Neither has filed an answer, although over a year has passed.

The court issued an order on January 23, 2017, asking the plaintiff to indicate how he wished to proceed with regard to defendants Gellings, Dance and Meeks. Id. On February 16, 2017, the plaintiff filed a motion for default judgment, dkt. no. 43, which the court will construe as a motion for entry of default under Federal Rule of Civil Procedure 55(a).

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Defendants Meeks and Dance were served and failed to answer. The plaintiff submitted documents in which he shows the defendants' failure to defend. Dkt. Nos. 43-45. Therefore, the court will direct the Clerk of Court to enter default as to those two defendants.

The entry of default means only that the two defendants have not answered. The court still must consider whether to grant judgment in favor of

the plaintiff against those two defendants; the fact that a defendant does not answer does not entitle a plaintiff to judgment. The plaintiff still must show that he could have made a *prima facie* case against those two defendants. The court understands that this may be a confusing concept for the plaintiff, and so it will recruit counsel to represent him for the purpose of preparing and filing a motion for default judgment and any supporting documentation. Once the court has found an attorney to represent the plaintiff, it will schedule a telephone status conference with counsel to talk about a briefing schedule.

The court **ORDERS** that defendant Wayne Gellings is **DISMISSED** as a defendant. The court **ORDERS** that Diane Levin is **DISMISSED** as a defendant. The court **ORDERS** the Clerk of Court to enter default as to defendants Sherine Meeks and Kimberlee Dance.

Dated in Milwaukee, Wisconsin this 5th day of July, 2016.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**